```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CONSTANCE GRAHAM,

                  Plaintiff,              10-CV-6645T

        v.                                **DECISION**
                                          **and ORDER**
ELMIRA CITY SCHOOL DISTRICT,
ELMIRA CITY SCHOOL DISTRICT,
BOARD OF EDUCATION

                  Defendants.
_____
```

## **Introduction**

Plaintiff, Constance Graham ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 and the New York State Human Rights Law, N.Y. Exec. Law § 296, claiming that she was discriminated against because of her race by her employer, the Elmira City School District and the Elmira City School District Board of Education (collectively, "the District"). Specifically, Plaintiff contends that she was the victim of a hostile work environment, retaliation and racially disparate treatment.

The District moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). Plaintiff opposes the District's motion and moves for leave to amend her Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"). For the reasons set forth herein, the District's motion for judgment on the pleadings is granted with respect to Plaintiff's hostile work environment and New York State

1

Human Rights Law claims and those claims are hereby dismissed with prejudice. Plaintiff's motion for leave to amend her federal retaliation and racially disparate treatment claims is granted.

## Background

The following facts are set forth in the Amended Complaint[1] and Plaintiff's complaint to the New York State Division of Human Rights (SDHR), which is incorporated into the complaint by reference. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (the scope of review for a motion to dismiss is limited to the complaint and any documents incorporated into the complaint by reference). In assessing the sufficiency of the Amended Complaint, the Court accepts as true all non-conclusory allegations and draws all reasonable inferences in favor of the Plaintiff. Id.

Plaintiff was hired as Principal of Divan Elementary School ("Divan") in the District in August 2007. She states that at the time she was hired the hiring committee notified her that New York State had classified Divan as 'in need of improvement.' Plaintiff alleges that during her tenure as Principal there was a high turnover rate of administrative staff and that she experienced hostility from the teachers union. She also states that union and school board members interfered with her work by holding meetings

---

[1] Because Plaintiff has submitted her proposed Amended Complaint in connection with this motion, this Court will evaluate the plausibility of the Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

during school hours and interrupting staff meetings. In addition, the same individuals told her that she was not the first choice for the position and that her performance was inadequate.

Plaintiff states that "racially toxic commentary was a regular occurrence" in her school citing the following five examples from her tenure with the District: (1) Caucasian District employees admitted to referring to African Americans as "niggers"; (2) a Caucasian District employee stated that his dog "only barks at black people"; (3) a Caucasian District employee stated that an African American employee was "shucking and jiving," which Plaintiff alleges implies laziness; (4) a Caucasian employee said "get that nigger out of here," referring to Plaintiff; and (5) a Caucasian employee stated that he did not want a "colored person" (Plaintiff) employed as the principal.

Plaintiff also alleges that every Caucasian principal employed by the District had a full-time, permanent assistant principal assigned to their building. Plaintiff was not assigned an assistant principal. Plaintiff further alleges that all past principals of Divan and her successors were Caucasian and were given approximately four years to show progress at Divan. Plaintiff states that she was removed from her position for lack of progress within a year. Plaintiff also alleges that she was evaluated more harshly than other Caucasian principals.

Plaintiff states that she complained to the district of the

alleged discriminatory treatment. Thereafter, she states that the District placed "untrue and unfair" evaluations of her performance in her personnel file. Then, in June 2008, the District informed Plaintiff she would be removed as principal and transferred to the assistant principal position. Plaintiff rejected the transfer, and the District then offered her the position of Deputy Director of Human Resources, which she "accepted with reservation." As a result of the transfer, Plaintiff's salary was reduced and she was no longer under contract or represented by the union. She also was unable to accrue time toward administrative tenure and job seniority.

## Discussion

### I. Plaintiff's Motion to Amend

Plaintiff moves for leave to amend her Complaint under Rule 15(a). Rule 15(a) states that leave "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15. Absent evidence of undue delay, bad faith, undue prejudice, dilatory motive or futility, a party should be granted the opportunity to correct any deficiencies in the complaint. See Forman v. Davis, 371 U.S. 178, 182 (1962). The District argues that permitting the proposed Amended Complaint would be futile, as the neither the Complaint nor the Amended Complaint set forth a plausible claim for relief. See Def. Mem. of Law in Opposition to Pl. Cross-Motion to Amend, Docket #16 (citing EEOC v. Nichols Gas & Oil, Inc., 518 F. Supp. 2d 505,

509 (W.D.N.Y. 2007); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

As set forth below, this Court finds that Plaintiff's claims for retaliation and disparate treatment are sufficiently plausible to withstand a motion to dismiss; but Plaintiff's federal and New York state claims for a hostile work environment and her New York State claims for retaliation and disparate treatment must be dismissed.  Accordingly, this Court grants in part and denies in part Plaintiff's Motion to Amend.

## II. Defendant's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standards as a motion to dismiss under Rule 12(b)(6). See Fifield v. Eaton, 669 F. Supp. 2d 294, 296 (W.D.N.Y. 2009).

> To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must state sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). " [A] formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v.

5

Berkshire Fin. Grp. Inc., 491 F.Supp.2d 320, 324 (E.D.N.Y. 2007) (quoting, Twombly, 550 U.S. at 555).

**A. Hostile Work Environment**

To state a plausible claim for race discrimination[2] based on a hostile work environment, Plaintiff must allege discriminatory conduct that is so severe and pervasive that it alters the terms and conditions of employment and renders the work environment abusive. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); See also Carlson v. Geneva City School Dist., 679 F. Supp. 2d 355, 373 (W.D.N.Y. 2010) ("[t]o establish a claim of hostile work environment discrimination, a plaintiff must show that . . . the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered.") To determine whether the discriminatory conduct is severe and pervasive, the Court looks at the totality of circumstances and "such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 374.

Plaintiff alleges five instances of discriminatory statements made throughout her employment at the District. The District

---

[2]Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 are analyzed under the same framework as cases under Title VII of the Civil Rights Act of 1964. See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010).

6

contends that five discriminatory comments over a period of just under four years are insufficient to support a hostile work environment claim. See Def. Mem. of Law at 4-8 (Docket # 16) (citing Mormol v. Costco Wholesale Corp., 364 F.3d 54, 59 (2d Cir. 2004) (six alleged discriminatory comments in one month insufficient); McKenna v. VCS Group, LLC, 2009 WL 3193879, at *5-6 (D. Conn. Sep. 30, 2009) (fifteen comments over a seven month period insufficient); Stembridge v. City of New York, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000) (seven instances over three years insufficient); Carter v. Cornell University., 976 F. Supp. 224, 232 (S.D.N.Y. 1997) (six racial comments over a number of years insufficient)).

Considering the totality of the circumstances, this Court finds that Plaintiff's allegations are insufficient to establish a plausible claim for a hostile work environment. The five alleged comments occurred over a period of just under four years. Only two of the comments appear to be directed at the Plaintiff, and she does not allege that she heard either comment. Plaintiff also has not stated that the comments were made at the workplace for this Court to infer that the comments could be expected to alter her working conditions. Additionally, while this Court does not condone the offensive nature of the alleged statements, they are not physically threatening and Plaintiff does not allege that any were made in her presence or by an individual with supervisory

capacity. The conduct alleged simply does not rise to the level of severity or pervasiveness that is necessary to plausibly allege a cause of action for a hostile work environment. See Harris, 510 U.S. at 21; Meritor Savings Bank, FSB v. Vinson, 106 S.Ct. 2399 (1986); Carlson v. Geneva City Sch. Dist., 679 F. Supp. 2d 355, 373 (W.D.N.Y. 2010).

Further, Plaintiff has not alleged facts from which the conduct of her co-workers can be imputed to the District. There is no indication in the Amended Complaint or the SDHR complaint that any of the employees were in a position of authority over the plaintiff or that the District knew or had reason to know that such conduct was occurring. See Rosinski v. American Axle & Mfg., Inc., 402 Fed. Appx. 535, 537, 2010 WL 3402984 (2d Cir. 2010).

Accordingly, this Court grants the District's motion for judgment on the pleadings with respect to Plaintiff's hostile work environment claim and Plaintiff's claim is dismissed with prejudice. For the same reasons, Plaintiff's New York State law claim for a hostile work environment is also dismissed with prejudice. See Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 609-10 (2d Cir. 2006).

**B. Retaliation**

To plausibly state a claim for discriminatory retaliation Plaintiff must state facts in support of the following elements: (1) participation in a protected activity; (2) that the District

knew of the protected activity; (3) the District took an adverse employment action against Plaintiff; and (4) a causal connection between the protected activity and adverse action. See Paulino v. N.Y. Printing Pressman's Union, Local Two, 301 Fed. Appx. 34, 37, 2008 WL 5083493 (2d Cir. 2008). In the context of retaliation, an adverse employment action must be "materially adverse" such that it could dissuade a reasonable person from lodging a complaint of discrimination. See Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 60 (2006).

Plaintiff alleges that she complained to the District regarding the alleged discriminatory treatment and that shortly thereafter she was transferred to a position which paid significantly less, she lost the benefits of her work contract and bargaining unit and she lost seniority and the ability to accrue tenure. Plaintiff also states that the District placed documents into her personnel file which contained untrue and unfair evaluations. Plaintiff states that this conduct was in retaliation for her complaints of discrimination.

The District contends that Plaintiff's allegations are not plausible because she admits that she voluntarily accepted the transfer in her SDHR complaint. The District also argues that Plaintiff's allegations of untrue and unfair performance evaluations are insufficient to plausibly state a claim for retaliation because she does not allege that the reviews were

negative or even critical and because negative performance evaluations, without more, are not considered adverse employment actions. See Def. Mem. Of Law at 9-14.

This Court finds that Plaintiff's acceptance of the transfer is not automatically fatal to her claim at this stage, as Plaintiff also alleges that the transfer was "involuntary" and that she accepted the position reluctantly.  Further, the "untrue or unfair" evaluations taken together with the alleged involuntary transfer provide additional support for Plaintiff's claim.  Viewing the facts in the light most favorable to the Plaintiff, it is reasonable to infer that she felt forced to accept the transfer due to the difficulties she experienced as principal, which she attributes to the alleged disparate treatment. See Richardson v. New York State Dep't of Correctional Services, 180 F.3d 426, 444 n. 4 (2d Cir.1999)(finding that a voluntary transfer may constitute an adverse action where there is other evidence that the conduct was discriminatory). It is also reasonable, considering Plaintiff's experience at the District, that she feared losing her employment altogether if she did not accept the transfer.

Considering the totality of the alleged circumstances supporting her retaliation claim, and in the context of Plaintiff's other disparate treatment allegations, this Court finds that a reasonable person in Plaintiff's position may well be dissuaded from complaining of racial discrimination if she knew that she may

be transferred or given "untrue or unfair" evaluations. See Burlington, 548 U.S. at 60. Therefore, this Court finds that Plaintiff has established a plausible claim for discriminatory retaliation and the District's motion for judgment on the pleadings is denied. Plaintiff's motion for leave to amend her Complaint with respect to her federal retaliation claim is hereby granted.

### C. Racially Disparate Treatment

To state a plausible claim for disparate treatment Plaintiff must allege facts in support of the following elements: 1) she belonged to a protected class; 2) she was qualified for the position she held; 3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004) (citing Collins v. New York City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002)). When relying on allegations of disparate treatment, Plaintiff must also allege that she was similarly situated in all material respects to the individuals with whom she compares herself. See Rosinski v. American Axle & Mfg., Inc., 402 Fed. Appx. 535, 537, 2010 WL 3402984 (2d Cir. 2010).

The District does not dispute that Plaintiff is a member of a protected class or that she was qualified for her position.[3] The

---

[3] This Court has already determined that Plaintiff's allegations are sufficient to plausibly allege an adverse employment action.

District argues, however, that Plaintiff fails to sufficiently allege that she is similarly situated to other Caucasian principals in the District because those individuals did not serve as principal in the same school at the same time. See Def. Mem. of Law at 10-14 (citing Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55 (2d Cir. 2010), cert. denied, 131 S.Ct. 824 (2010)).

Plaintiff alleges that she was treated differently than all other Caucasian principals in the district. She states the other principals were given an assistant principal and were evaluated less harshly than her. She also alleges that she was ultimately transferred from her position after only one year, when other principals (including those in the same school before and after her time) were afforded more time to show improvement in the school.

This Court finds that Plaintiff's allegations are sufficiently plausible to withstand a motion to dismiss. While the different realities at the other schools and at Divan before and after Plaintiff's time may ultimately undermine Plaintiff's contention that she was similarly situated to the Caucasian principals, this Court finds that Plaintiff's allegations are sufficiently plausible to withstand a motion to dismiss. Accordingly, this Court denies the District's motion for judgment on the pleadings and grants Plaintiff's motion for leave to amend her Complaint with respect to her federal racially disparate treatment claim.

### D. New York State Claims for Retaliation and Disparate Treatment

Under New York State law, to bring a law suit against a school district, a plaintiff must comply with the notice of claim requirements set forth in N.Y. Educ. Law § 3813. See N.Y. Educ. Law § 3813(1)("§ 3813"). Plaintiff is required to plead and prove that she complied with such requirements within the requisite time period and that the notice was delivered to the appropriate governing body within three months of the accrual of the claim. See Field v. Tonawanda City School Dist., 604 F. Supp. 2d 544, 573 (W.D.N.Y. 2009)(discussing in detail the notice of claim requirements of § 3813). Further, § 3813 states that the statute of limitations for actions against a school district is one year. See N.Y. Educ. Law § 3813(2-b). Should a plaintiff fail to timely comply with the notice of claim requirements, a court may generally grant an extension of time; however, a court may not grant an extension of time to file a notice of claim beyond the statute of limitations. See N.Y. Educ. Law § 3813(2-a); Field, 604 F. Supp. 2d at 576 (citing Newman v. Leroy Cent. Sch. Dist., 2008 U.S. Dist. LEXIS 28581, at *21 (W.D.N.Y. Apr. 8, 2008)); See also Jones v. City Sch. Dist., 695 F. Supp. 2d 136, 147 (S.D.N.Y. 2010).

Plaintiff admits that she did not timely comply with the notice of claim requirements under New York State law and she does not respond to Defendants arguments that her claims are barred by the statute of limitations. But she contends that her case falls

within an exception to the notice of claim requirements for claims which seek to vindicate public rights. See Pl. Mem of Law at 6[4]. However, Plaintiff is seeking primarily the enforcement of her private rights and money damages. See Amended Complaint at ¶28. The fact that Plaintiff seeks and injunction preventing the District from future acts of discrimination does not make her claim "more imbued with the public interest than with a vindication of [her] private interests" as she primarily seeks monetary and other relief related to her personal employment with the District. See Field v. Tonawanda City School Dist., 604 F.Supp.2d 544 (W.D.N.Y. 2009)(citing Finley v. Giacobbe, 827 F.Supp. 215 (S.D.N.Y. 1993).

However, even if Plaintiff is seeking to vindicate a public right, which this Court does not find, Plaintiff is still required to bring her claims within the applicable statute of limitations of one year. Plaintiff was a principal at Divan from August 2007 until approximately June 2008. The factual circumstances underlying Plaintiff's disparate treatment and retaliation claims include Plaintiff's allegations that she was treated differently than all other Caucasian principals, that the District gave her unwarranted performance reviews and placed "untrue or unfair" information in her personnel file, and that the District demoted her to the Director of Human Resources position in June 2008. Plaintiff filed

---

[4] Plaintiff also inexplicably claims that a Notice of Claim is not required prior to seeking administrative relief. See Pl. Mem. of Law at 5. However, the Notice of Claim Requirements are clearly applicable an action in a federal or state court of law. See N.Y. Educ. Law § 3813.

an SDHR complaint on February 10, 2009 and included allegations relating to the poor performance reviews and the demotion while she was a principal. All of Plaintiff's factual allegations supporting her disparate treatment and retaliation claims relate to the time period while she was principal at Divan, prior to her filing the SDHR complaint. Plaintiff has not alleged that such retaliatory conduct or disparate treatment occurred after she filed the SDHR complaint and she does not dispute the point in response to the District's motion.

This Court finds that Plaintiff's New York State causes of action for disparate treatment and retaliation accrued no later than February 10, 2009. Plaintiff filed her complaint in this action on November 12, 2010, more than one year after her causes of action accrued. Therefore, Plaintiff's New York State claims for retaliation and disparate treatment are barred by the statute of limitations and are hereby dismissed with prejudice.

## Conclusion

For the reasons set forth above, the District's motion for judgment on the pleadings is granted with respect to Plaintiff's hostile work environment and New York State Human Rights Law claims and those claims are hereby dismissed with prejudice. Plaintiff's motion for leave to amend is granted with respect to her retaliation and racially disparate treatment claims.

**ALL OF THE ABOVE IS SO ORDERED.**

>                S/ Michael A. Telesca
>              _____
>                  MICHAEL A. TELESCA
>               United States District Judge

Dated:    Rochester, New York
          July 14, 2011